IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL LEBEN and DANIELLE LEBEN,** | : | |
| Plaintiffs | : | No. 1:24-cv-01398 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **STEINER INDUSTRIES, INC. and MSC INDUSTRIAL DIRECT COMPANY, INC.,** | : | |
| Defendants | : | |

## **MEMORANDUM**

Before the Court is Plaintiffs Michael Leben and Danielle Leben ("Plaintiffs")' motion to remand the above-captioned action to the York County Court of Common Pleas on the basis that Defendant Steiner Industries, Inc. ("Steiner")'s removal to this Court pursuant to 28 U.S.C. § 1441(b) was improper because Steiner did not obtain the written consent of co-Defendant MSC Direct Company, Inc. ("MSC") (collectively, "Defendants"). (Doc. No. 8.) For the reasons that follow, the Court will deny Plaintiffs' motion to remand.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**[1]

On January 4, 2023, Plaintiff Michael Leben suffered second and third degree burns to his left lower extremity when hot molten material came in contact with his personal protective Steiner Cowhide Leggings Part #12186 ("Steiner leggings") while working for Philips Lighting in New Oxford, Pennsylvania. (Doc. No. 1 at 14–18.) The Steiner leggings are "approximately 12" high leg covers and 9" long shoe flair intended to provide personal protective garment for a user/wearer's lower extremities." (Id. at 16.) Plaintiff Michael Leben was issued the Steiner leggings prior to the date of the accident and pursuant to his employment duties and

---

[1] Unless otherwise stated, all factual allegations are taken from Plaintiffs' complaint. (Doc. No. 1 at 14–28.)

responsibilities with Phillips Lighting.  (Id.)  Plaintiffs state that the Steiner leggings were provided to Plaintiff Michael Leben by Phillips Lighting to protect him from burn injuries.  (Id.)

Plaintiffs aver that, prior to January 4, 2023, MSC had previously sold Phillips Lighting personal protective equipment for its molten metal operations.  (Id.)  Plaintiffs assert that Defendants "supplied and placed into the stream of commerce the subject Steiner leggings as personal protective equipment clothing as part of their ordinary business practices to Plaintiff [Michael Leben] as an intended user."  (Id. at 17.)  Plaintiffs claim that the Steiner leggings failed to protect and provide Plaintiff Michael Leben with personal protection.  (Id.)  Plaintiff Michael Leben claims that he suffered the following injuries and damages as a result of the January 4, 2023 incident:

> a) Physical injuries including second and third degree of bums to his left lower extremity;
> b) Lumbar and thoracic strain and sprain;
> c) Lumbar herniated discs at levels L3-4, L4-5 and L5-S1 and other muscular ligamentous injuries;
> d) Lumbar Radiculopathy;
> e) Left shoulder strain and radiating pain into left hand;
> f) Scarring, disfigurement, deformity and humiliation;
> g) Medical costs, past and future;
> h) Wage loss, past and future;
> i) Loss of earning capacity;
> j) Physical pain and suffering, past and future, along with the loss of ability to pursue and enjoy the normal and ordinary pleasures of life.

(Id. at 18.)

Plaintiffs initiated this personal injury action by filing a complaint in the York County Court of Common Pleas on July 24, 2024.  (Id. at 14.)  Plaintiffs maintain that the Steiner leggings were designed, manufactured, and produced by Steiner, and then sold by MSC to Phillips Lighting.  (Id.)  Plaintiffs' complaint alleges claims of negligence, strict products

2

liability, and breach of warranty against Defendants. (Id. at 16–26.) In addition, Plaintiff Danielle Leben asserts a loss of consortium claim against Defendants. (Id. at 27.)

With regard to the citizenship of the parties, Plaintiffs' complaint states that Plaintiffs are citizens of Pennsylvania residing at 1402 Old Route 30, Orrtanna, PA 17353. (Id. at 14.) As to the citizenship of Defendants, Plaintiffs' complaint alleges that Steiner is a corporation incorporated in a state other than Pennsylvania, with a principal place of business located in the state of Illinois, and that MSC is a corporation incorporated in a state other than Pennsylvania, with a principal place of business in the state of New York. (Id. at 15.) Plaintiffs' complaint also notes that MSC has a "Supply Customer Fulfillment Center" in Jonestown, Pennsylvania. (Id.)

Steiner filed a notice of removal with this Court on August 19, 2024 based on the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. No. 1 at 1–2.)[2] Plaintiffs timely filed a motion to remand the case to the York County Court of Common Pleas on September 9, 2024, pursuant to 28 U.S.C. § 1446(b)(2)(A) (Doc. No. 8), as well as a brief in support (Doc. No. 9). Steiner filed a response and brief in opposition on September 20, 2024. (Doc. Nos. 10–11.)[3] MSC filed a brief in opposition that same day. (Doc. No. 12.) Plaintiffs did not file a reply brief and the time for doing so has elapsed.[4]

---

[2] Steiner's notice of removal agrees with Plaintiffs' assertions concerning the citizenship of the parties and maintains that there is diversity of citizenship. (Doc. No. 1 at 2.)

[3] Steiner's "Response In Opposition to Plaintiffs' Motion to Remand" requests that the motion to remand be summarily denied and attaches "a true and correct copy of the express written consent to removal signed by MSC's counsel and filed with the Notice of Removal." (Doc. No. 10.)

[4] Subsequent to the briefing on Plaintiffs' motion, on August 26, 2024, Steiner filed an answer to Plaintiffs' complaint. (Doc. No. 3.) That same day, MSC filed an answer to Plaintiffs'

## II.  LEGAL STANDARD

Removal by a defendant is appropriate in "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." See 28 U.S.C. § 1441(a).  "The propriety of removal thus depends on whether the case originally could have been filed in federal court."  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).  A removed action must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  See 28 U.S.C. § 1447(c).  Moreover, § 1441 is to be strictly construed against removal.  See Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  Accordingly, all doubts must be resolved in favor of remand.  See id.

When removal is based on diversity of citizenship, the removing party must be able to demonstrate complete diversity of citizenship between parties and that the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332.  To establish complete diversity, "no plaintiff can be a citizen of the same state as any of the defendants."  See Johnson v. Smithkline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013).  However, "[i]n a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction."  See In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006).  Importantly, "the person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation."  See Packard v. Provident Nat. Bank, 994 F.2d 1039, 1045 (3d Cir. 1993).

---

complaint with a crossclaim against Steiner.  (Doc. No. 6.)   Steiner subsequently filed an answer to MSC's crossclaim on August 29, 2024.  (Doc. No. 7.)

The defendant(s) "must also establish that all pertinent procedural requirements for removal have been met." See A.R. v. Norris, No. 15-cv-01780, 2015 WL 6951872, at *1 (M.D. Pa. Nov. 10, 2015).  All defendants, pursuant to the "rule of unanimity," must join in a removal notice.  See 28 U.S.C. § 1446 (b)(2)(A) (requiring that "all defendants who have been properly joined and served must join in or consent to the removal of the action"); Balazik v. County of Dauphin, 44 F.2d 209, 312 (3d Cir. 1995) (stating that it is well established that "removal generally requires unanimity among the defendants").  "[A]ll defendants must act to confer consent within the thirty-day period set forth in 28 U.S.C. § 1446(b) and courts are without authority to expand this time period." McGuire v. Safeware, Inc., No. 13-cv-03746, 2013 WL 5272767, at *3 (E.D. Pa. Sept. 17, 2013) (citation omitted).  To establish unanimous consent to removal, all defendants must manifest in writing "clear and unambiguous" consent to the removal within the thirty-day period.  See Ogletree v. Barnes, 851 F. Supp. 184, 189 (E.D. Pa. 1994).  "A codefendant's consent to removal must take the form of: (1) clearly and unambiguously joining in the removing defendant's notice of removal; or (2) filing a separate written consent to removal with the court." A.R., 2015 WL 6951872, at *3.

**III.   DISCUSSION**

As noted above, Steiner removed this action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Doc. No. 1 at 2.)  In response, Plaintiffs' motion to remand alleges that Steiner did not plead or claim that MSC joined or concurred in the removal of this case.  (Doc. No. 8 ¶ 10.)  As discussed supra, the parties agree on the citizenship of the parties and do not dispute the existence of diversity jurisdiction.  See (Doc. No. 1 at 2, 14–15).  The only issue in dispute is whether there is a procedural defect in the removal process.  The Court first discusses the arguments of the parties before analyzing Plaintiffs' motion to remand.

A.      **Arguments of the Parties**

Plaintiffs claim that this case was removed by Steiner without the required written consent of MSC. (Doc. No. 9 at 1.) Plaintiffs argue that Steiner's removal is thus "fatally defective" under 28 U.S.C. § 1446(b)(2)(A) because MSC "never consented in writing to the removal or filed its own removal or concurrence in removal within 30 days of it being served Plaintiffs' complaint on August 1, 2024." (Id.) In their supporting brief, Plaintiffs maintain that only Steiner filed a notice of removal and that Steiner did not plead or claim that MSC joined or concurred in its removal. (Id. at 2.)

In opposing the motion, Steiner argues that removal was procedurally proper because MSC consented "through the signature of its counsel" in a document that was attached to Steiner's notice of removal. See (Doc. No. 11 at 3) (citing Doc. No. 1 at 5 (MSC's consent to removal)).[5] Based on that document, Steiner states that "there exists no doubt over the action MSC consented to being removed." (Id.) Additionally, Steiner maintains that MSC's consent was timely filed because it accompanied Steiner's notice of removal which was filed within eighteen (18) days of MSC being served with Plaintiffs' complaint. See (id. at 4) (citing Doc. No. 8 ¶ 5 (Plaintiffs' motion to remand)).[6] Steiner notes that Plaintiffs do not acknowledge this consent in their motion to remand. (Id.) Therefore, Steiner posits that Plaintiffs' motion to remand should be summarily denied. (Id. at 5.)

---

[5] Steiner's notice of removal includes a document entitled "Consent to Removal" that is signed by MSC's counsel (hereinafter "MSC's consent to removal"). (Doc. No. 1 at 5.)

[6] In its notice of removal, Steiner avers that it was served with Plaintiffs' complaint on August 5, 2024. (Doc. No. 1 at 2.) Steiner's notice of removal includes Plaintiffs' affidavit of service upon MSC, which states that MSC was served on August 1, 2024. (Id. at 32–33.)

In its brief in opposition, MSC first "incorporates and supports all arguments and law presented" by Steiner.  (Doc. No. 12 at 2.)  MSC claims that it issued written consent to this action's removal and that its consent was clear and unambiguous.  See (id.) (citing Doc. No. 1 at 5 (MSC's consent to removal)).  Similarly, MSC remarks that Plaintiffs "fail to acknowledge this clear and unambiguous consent . . . ."  (Id. at 4.)  MSC concludes by stating that it "unequivocally[,] expressly, clearly[,] and timely consented to Steiner's removal filing."  (Id. at 5.)

    B.    Analysis

As properly noted by Plaintiffs, to establish unanimous consent to removal, all defendants must manifest in writing "clear and unambiguous" consent to the removal within the thirty-day period.  See Ogletree, 851 F. Supp. at 18.  All parties in the present case agree that the rule of unanimity requires all defendants to either join in a co-defendant's notice of removal or file a written consent to removal.  See (Doc. Nos. 9 at 3–4; 11 at 2–3; 12 at 4–5).[7]  However, clear and unambiguous consent "does not always require a formal filing" and "an informal, even oral consent may suffice but only if presented directly to the court."  See Hart v. Duke Realty Ltd. P'ship, No. 20-cv-01462, 2020 WL 3819141, at *2 (E.D. Pa. July 8, 2020); see also A.R. 2015 WL 6951872, at *2 (stating that 28 U.S.C. § 1446 "does not speak directly of what form a

---

[7] The parties do not discuss whether the rule of unanimity permits the removing defendant to voice the consent of other codefendants in its notice of removal because it is not relevant to the instant dispute.  However, the Court notes that an ambiguity exists regarding the rule of unanimity.  See Kellogg v. Stayrook, No. 22-cv-01165, 2023 WL 2352242, at *2 (M.D. Pa. Mar. 3, 2023) (stating that district courts within the United States Court of Appeals for the Third Circuit (the "Third Circuit") have "interpreted 'clear' and 'unambiguous' consent differently"); see also Speedwell, LLC v. Town of Morristown, No. 21-cv-18796, 2022 WL 2209866, at *5 (D.N.J. June 21, 2022) (noting that, "[a]lthough the majority of courts in the Third Circuit have required co-defendants to individually voice their consent directly to the court, others have recently adopted a different interpretation of 28 U.S.C. § 1446(b)(2)(A)'s requirements").

codefendant's consent must take"). "[E]ach defendant must provide 'some timely filed written indication . . . or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action.'" Hart, 2020 WL 3819141, at *2 (quoting Ogletree, 851 F. Supp. at 188).

MSC's consent to removal, which was included in Steiner's notice of removal, is signed by counsel for MSC. (Doc. No. 1 at 5.)[8] MSC's counsel certifies that MSC "consents to the removal of the above-captioned action from the Court of Common Pleas of York County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania." (Id.) MSC's consent to removal is dated August 19, 2024, which is the same day that Steiner filed the notice of removal. (Id.) As discussed supra, August 19, 2024 was within the thirty-day period for removal.[9] It is clear that MSC manifested its consent to removal because it was filed on the Court's docket with Steiner's notice of removal. See Hart, 2020 WL 3819141, at *2 (stating that "there must be some official statement to the court that constitutes a binding consent to the removal action" and that it must be "presented directly to the [C]ourt"); see also Baldy v. First Niagara Pavilion, C.C.R.L., LLC, 149 F. Supp. 3d 551, 563 (W.D. Pa. 2015) (stating that "defendants must communicate their consent to removal to the court"). Additionally, MSC's proof of consent was not merely a communication between defendants. See Kellogg v. Stayrook, No. 22-cv-01165, 2023 WL 2352242, at *2 (M.D. Pa. Mar. 3, 2023) (stating that orally obtained consent from another defendant, without providing proof to the Court, is insufficient to establish consent to removal); Carter v. Ingersoll-Rand Co., Inc., No. 00-cv-06438, 2011 WL

---

[8] It is unclear why Plaintiffs state that there is no consent to removal because MSC's consent was included in the notice of removal.

[9] See supra at note 6.

238540, at *2 (E.D. Pa. Mar. 12, 2001) (finding that communication between defendants that was not presented to the Court does not establish consent to removal).

Thus, MSC's consent to removal constitutes timely, unambiguous written consent. See McNulty v. Auchter Indus. Serv., Inc., No. 15-cv-05363, 2015 WL 7252907, at *2 (E.D. Pa. Nov. 17, 2015) (finding that emails, attached to the notice of removal, from attorneys for the remaining defendants consenting to the removal of the case constituted unambiguous written consent required by the "unanimity rule"); see also Michaels v. State of New Jersey, 955 F. Supp. 315, 321 (D.N.J. 1996) (stating that each defendant must provide "some form of unambiguous written evidence of consent," such as "an affidavit of joinder or consent, or even a letter"); Ogletree, 851 F. Supp. at 188 (holding that the rule of unanimity is satisfied where there is "some timely filed written indication from each defendant"). Because MSC provided consent to Steiner's removal of this action, there is no procedural defect with removal and the Court will deny the motion to remand.

**IV.   CONCLUSION**

For the foregoing reasons, the Court will deny Plaintiffs' motion to remand. (Doc. No. 8.) An Order consistent with this Memorandum follows.